# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GUSTAVO CHAVERRA-CARDONA,**

    **Petitioner,**

v.                                     **CIVIL ACTION NO. 5:06cv48**
                                            **(Judge Stamp)**

**WARDEN AL HAYNES,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On February 24, 2006, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241 in the United States District Court for the Northern District of Illinois. Because the petitioner was confined in USP Hazelton, the case was transferred to this Court.[1] The petitioner alleges that he is being incarcerated in violation of due process and fundamental fairness because newly discovered evidence proves his innocence. By order entered June 26, 2006, the respondent was directed to show cause why the writ should not be granted. The respondent filed his responsive pleading on July 24, 2006. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. PROCEDURAL HISTORY

In November of 1987, the petitioner was convicted of four counts: (1) conspiracy to kill a

---

[1] The proper district for a § 2241 habeas corpus petition is the district in which the petitioner is confined at the time he files the petition.

1

federal prosecutor; (2) conspiracy to kill a government witness; (3) solicitation of another to kill a federal prosecutor; and (4) solicitation of another to kill a government witness. The petitioner was sentenced to life imprisonment for count one, 5 years imprisonment for count two, twenty years imprisonment for count three, and five years imprisonment for count four. Petitioner appealed his conviction and sentence. On July 19, 1989, the Seventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Chaverra-Cardona, 879 F.2d 1551 (7th Cir. 1989).

On April 21, 1997, petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Illinois seeking to vacate his sentence. As grounds for his motion, petitioner asserted newly discovered evidence of prosecutorial misconduct, newly discovered evidence regarding the government's witness, and ineffective assistance of counsel. By order entered January 15, 1998, the District Court denied the petitioner's §2255 motion finding that the petitioner's arguments were without merit. United States v. Chaverra-Cardona, No. 97C2915, 1998 WL 135620 (N.D. Ill. 1998) (Unpublished). On February 23, 1998, petitioner filed a notice of Appeal, and on April 1, 1998, the District Court denied his request for certificate of appealability for failure to show the denial of a constitutional right. On July 31, 1998, the Seventh Circuit Court of Appeals dismissed his appeal pursuant to Circuit Court Rule 3(b).

On January 3, 2006, petitioner filed an application with the Seventh Circuit Court of Appeals seeking permission to file a second or successive § 2255 motion. On January 10, 2006, the Seventh Circuit denied his application. Chaverra-Cardona v. United States, No. 06-1019 (7th Cir. 2006) (Unpublished).

Petition thereafter filed his instant petition pursuant to 28 U.S.C. § 2241 which was transferred to this Court. Petitioner argues that he is entitled to file a § 2241 petition as was denied the opportunity to file a second or successive § 2255 petition in the United States District Court for

2

the Northern District of Illinois. In particular, petitioner argues that he was denied his right to due process and fundamental fairness when he was denied the right to put forth "newly discovered evidence" to challenge his conviction.

### III. ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004; see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type pf detention and conditions in the facility where he is housed. Adams at 135.

In his petition, the petitioner attacks the validity of his sentence rather than the means of execution and seeks release from his "void" sentence. Accordingly, it is the type of challenge that ordinarily must be brought under § 2255 and not § 2241. A federal prisoner attacking the validity of his conviction or sentence may utilize the provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial, 1194.

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate

3

or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

There is nothing in the petitioner's §2241 petition which demonstrates that he meets the Jones requirements. Consequently, the petitioner has not demonstrated that §2255 is an adequate or ineffective remedy, and he has improperly filed a §2241 petition.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the

*pro se* petitioner.


DATED: September 5, 2006

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE