IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GUSTAVO CHAVERRA-CARDONA,

    Petitioner,

v.                                     Civil Action No. 5:06CV48
                                              (STAMP)
WARDEN AL HAYNES,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

Pro se petitioner, Gustavo Chaverra-Cardona, was convicted in the United States District Court for the Northern District of Illinois of (1) conspiracy to kill a federal prosecutor; (2) conspiracy to kill a government witness; (3) solicitation of another to kill a federal prosecutor; and (4) solicitation of another to kill a government witness. The petitioner was sentenced to life imprisonment for Count 1, 5 years imprisonment for Count 2, 20 years imprisonment for Count 3, and 5 years imprisonment for Count 4. His conviction and sentence were affirmed by the United States Court of Appeals for the Seventh Circuit. Thereafter, the petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel and newly discovered evidence of prosecutorial misconduct. The United States District Court for the Northern District of

Illinois denied his application. His request for a certificate of appealability was denied.

The petitioner then filed an application with the United States Court of Appeals for the Seventh Circuit seeking permission to file a second or successive § 2255 motion. The application was denied.

The petitioner then filed the instant petition in this Court for a writ habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, the petitioner argues that he has been denied due process because he was denied the right to put forth "newly discovered evidence" to challenge his conviction.

The matter was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. Magistrate Judge Kaull issued a report and recommendation recommending that the petitioner's § 2241 application be denied and dismissed with prejudice. The petitioner filed objections.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Orpiano v. Johnson, 687

F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### III. Discussion

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

In this case, the petitioner has failed to establish the elements required by Jones. Specifically, the substantive laws under which the petitioner was convicted have not changed since the

3

date of the petitioner's conviction such that the petitioner's conduct would no longer be deemed criminal. The petitioner objects that he has not been given "one fair opportunity" to raise the claims he asserts and that he has newly discovered evidence to establish his actual innocence. These objections cannot save petitioner's § 2241 application from dismissal because the petitioner has not satisfied the Jones test.

III. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. Accordingly, it is ORDERED the petitioner's § 2241 petition be DENIED and DISMISSED WITH PREJUDICE. It is further ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C. §

4

2253(c)(certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   October 23, 2007

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE